Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| LUZ ENEIDA MARTÍNEZ MORALES Y OTROS<br><br>Peticionaria<br><br>v.<br><br>KATHIA V. ALEJANDRO SERRANO Y OTROS<br><br>Recurrida | TA2026AP00289 | *Apelación**, acogido como CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Sobre: Médico-Hospitalaria<br><br>Caso Núm. AR2018CV00575 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece ante nos la parte peticionaria, Luz Eneida Martínez Morales, su esposo Abigail Quiñones Pietri, y su hijo Alexis Quiñones Martínez (en adelante y en conjunto, parte peticionaria), y nos solicita la revisión de la *Orden,* emitida y notificada el 5 de febrero de 2026, por el Tribunal de Primera Instancia, Sala de Arecibo. Mediante esta, el Foro Primario ordenó a la parte peticionaria satisfacer el pago de gastos y costas incurridas en los trámites apelativos, así como el pago de honorarios de abogado por temeridad en la etapa apelativa.

Por los fundamentos que expondremos a continuación, se expide el auto de *Certiorari* y se modifica la *Orden* recurrida.

### I

El 8 de octubre de 2018 la parte peticionaria presentó una *Demanda* sobre daños y perjuicios por impericia médica*,* pliego que posteriormente enmendó, en contra de Doctor's Center Hospital, Inc., y la parte recurrida, la Dra. Kathia Alejandro Serrano (en adelante, doctora Alejandro Serrano) y Puerto Rico Medical Defense

Insurance Company (en adelante y en conjunto, parte recurrida).[1] En la misma, la parte peticionaria reclamó el resarcimiento de los daños alegadamente sufridos como consecuencia de las acciones y/u omisiones culposas o negligentes de la doctora Alejandro Serrano, al realizarle una operación de reducción de senos el 25 de octubre de 2016.

Celebrado el juicio en su fondo, el 30 de abril de 2024, el Tribunal de Primera Instancia notificó la *Sentencia* correspondiente.[2] Mediante esta, el Foro Primario declaró *No Ha Lugar* la demanda de epígrafe. En desacuerdo, el 30 de mayo de 2024, la parte peticionaria presentó un recurso de *Apelación* ante un Panel Hermano de esta Curia, caso de nomenclatura KLAN202400533.[3] Luego de evaluado el mismo, el 27 de junio de 2025, este Tribunal de Apelaciones emitió una *Sentencia,* mediante la cual confirmó el dictamen apelado.[4] No obstante, en su determinación, este Foro reconoció que el Tribunal Primario erró al otorgar entera credibilidad al testimonio de la doctora Alejandro Serrano vertido en el juicio. Precisa destacar que en la aludida *Sentencia* no se determinó que la parte peticionaria fuese temeraria en su reclamo ante esta Curia.

Inconforme, el 20 de agosto de 2025, la parte peticionaria solicitó, ante el Tribunal Supremo, la revisión del dictamen de este Foro Apelativo, mediante un recurso de *Certiorari* de nomenclatura CC-2025-0561.[5] Sin embargo, mediante *Resolución* del 7 de noviembre de 2025, el mismo fue declarado *No Ha Lugar* por nuestro Máximo Foro.[6]

---

[1] Apéndice del recurso, Entrada Núm. 1.
[2] *Íd.*, Entrada Núm. 437.
[3] *Véase*, caso núm. KLAN202400533.
[4] *Íd.*
[5] Apéndice del recurso, Entrada Núm. 470, Anejo 5.
[6] *Íd.*, Entrada Núm. 470, Anejo 6.

Así las cosas, el 4 de febrero de 2026, la parte recurrida presentó un *Memorando de Costas y Solicitud de Honorarios de Abogado al Amparo de la Regla 44.1 de las de Procedimiento Civil* ante el Tribunal de Primera Instancia.[7] En el pliego, solicitó el reembolso de los gastos necesariamente incurridos en la tramitación en la etapa apelativa del presente pleito, desglosadas en las siguientes partidas: (a) $60.10 por las fotocopias incurridas; (b) $215.00 por concepto de mensajería; y (c) $102.00 por los sellos de radicación. Además, peticionó el pago de $14,985.00 por concepto de honorarios de abogado en el trámite apelativo, ya que alegó que la parte peticionaria obligó innecesariamente a las partes a incurrir las diligencias pertinentes a la continuación del pleito de epígrafe ante esta Curia, en ausencia de fundamento real o sustancial para solicitar la revisión del dictamen.

Al día siguiente, el Foro Primario emitió la *Orden* recurrida.[8] Mediante esta, el Foro *a quo* ordenó el pago ascendiente a $377.10 por los gastos y costas relacionados a la etapa apelativa. De igual forma, ordenó satisfacer la cantidad de $14,985.00 por concepto de honorarios de abogado por temeridad durante el trámite apelativo.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 20 de marzo de 2026, la parte peticionaria presentó el recurso de epígrafe, el cual, conforme con las normas procesales aplicables, acogimos como *Certiorari,* mediante *Resolución* del 26 de marzo de 2026. En el mismo, señala la comisión de los siguientes errores:

> El Tribunal de Primera Instancia incurrió en abuso de discreción al condenar a la parte demandante al pago de gastos por concepto de uso de mensajeros y de servicios de fotocopia reclamados como costas por las codemandadas, la Dra. Kathia Alejandro Serrano y su aseguradora, Puerto Rico Medical Defense Insurance Company, en ausencia de demostración de especial

---

[7] *Íd.*, Entrada Núm. 470.
[8] *Íd.*, Entrada Núm. 471.

necesidad en términos de una gestión particular relacionada con el caso.

El TPI incurrió en abuso de discreción al condenar a la parte demandante al pago $14,985.00 a favor de las codemandadas, la Dra. Kathia Alejandro Serrano y su aseguradora, Puerto Rico Medical Defense Insurance Company, por concepto de honorarios de abogado por temeridad en la etapa apelativa, sin que dichas codemandadas hayan presentado prueba alguna demostrativa de que la conducta procesal de la parte demandante en la etapa apelativa de este caso haya sido temeraria, frívola, obstinada, caprichosa, terca, desprovista de fundamentos, o que tuviese la intención de dilatar los procesos u obligarles a incurrir en gastos innecesarios.

Por su parte, el 6 de abril de 2026, la parte recurrida presentó su *Oposición a la Expedición del Auto de Certiorari.*

Siendo así, y con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

## II

### A

Sabido es que nuestro ordenamiento procesal civil provee para el recobro de costas en la etapa apelativa. A tales fines, la Regla 44.1(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (c) establece lo siguiente:

[…]

(c) *En etapa apelativa.* La parte a cuyo favor un tribunal apelativo dicte sentencia en apelación presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o abogada, y su impugnación se formulará y resolverá en la misma forma prescrita en la Regla 44.1 (b). La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse mediante *certiorari* ante el Tribunal Supremo.

[…].

La Regla antes citada, "tiene una función reparadora". El propósito es resarcir a la parte victoriosa los gastos necesarios y razonables en que se vio obligada a incurrir a causa del pleito. *ELA v. El Ojo de Agua Development*, 205 DPR 502, 527 (2020); *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 925-926 (2012). Sin embargo, no son costas todos los gastos que ocasiona el procedimiento judicial, sino que se limita a aquellas expensas que el tribunal considere necesarias y razonables. *Íd.* En nuestra jurisdicción el concepto de costas es uno restrictivo, por lo que no todos los gastos en el trámite de un litigio se reconocen como costas recobrables.

Las costas que contempla la citada Regla son gastos (a) necesarios, (b) incurridos y (c) razonables. No se aprobarán gastos innecesarios, superfluos o extravagantes. *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 257 (1963). El tribunal sentenciador deberá ejercer con moderación su discreción al conceder las costas, examinando cuidadosamente el memorando de costas, particularmente cuando las mismas sean objeto de impugnación. *Class Fernández v. Metro Health Care,* 214 DPR 348, 362 (2024); *ELA v. El Ojo de Agua Development*, supra, pág. 529; *Pereira v. I.B.E.C.*, 95 DPR 28, 79 (1967). Conforme a la Regla 44.1(a), *supra*, el tribunal determinará el litigante vencedor y los gastos necesarios y razonables. *Class Fernández v. Metro Health Care,* supra, pág. 362; *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 461 (1992).

Nuestra jurisprudencia ha reconocido como costas los siguientes gastos: gastos de presentación de una demanda, gastos de emplazamiento, costo de una certificación de orden de embargo, gastos de embargo, gastos incurridos en tomas de deposiciones, gastos incurridos en transcripciones, gastos por concepto de transportación y comparecencia de testigos, gastos de embargos preventivos y los gastos incurridos por concepto de sellos de

radicación, en fin, todo aquello que se considere necesario en la tramitación del litigio. *Garriga, Jr. v. Tribunal Superior*, supra, págs. 256-257; *Pereira v. I.B.E.C.*, supra, págs. 78-79. Asimismo, los gastos de fotocopias del escrito de apelación y sus respectivos legajos han sido reconocidos como costas, debido a que son incurridos en el cumplimiento de los requisitos de presentación impuestos en el Reglamento del Tribunal de Apelaciones. *PR Fast Ferries et al v. AAPP*, 213 DPR 103, 116 (2023); *Sánchez v. Sylvania Lighting*, 167 DPR 247, 254 (2006).

Ahora bien, la jurisprudencia aplicable a la materia que atendemos es enfática al reconocer que no todo gasto resultante de la tramitación de un litigio es recobrable. En este sentido, "[n]o son incluibles como costas los gastos ordinarios de las oficinas de los abogados de los reclamantes, tales como sellos de correo, materiales de oficina y [...] transcripciones de récords de vistas cuando tales transcripciones se solicitan por ser convenientes pero no necesarias para los reclamantes". *Andino Nieves v. A.A.A.*, 123 DPR 712, 716 (1989), citando a *Pereira v. I.B.E.C.*, supra, pág. 67. Igualmente, tampoco se considera como costa recobrable el uso de un mensajero o los gastos de teléfono, cuando no se detalla su necesidad para cumplimentar determinada gestión propia al pleito que se atienda. *Andino Nieves v. A.A.A.*, supra, págs. 718-719.

**B**

Por otra parte, la temeridad constituye aquel patrón de conducta que lleva a una de las partes a incurrir en los gastos de un litigio cuya controversia pudo haberse resuelto fuera de los tribunales y que afecta la sana administración de la justicia. *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 126 (2013); *Consejo Titulares v. MAPFRE*, 2024 TSPR 140, 215 DPR ___ (2024); *Blás v. Hosp. Guadalupe*, 146 DPR 267, 335 (1998); *Torres Ortiz v. ELA*, 136 DPR 556, 565 (1994). Una parte ha incurrido en temeridad cuando

está presente alguna de las siguientes circunstancias: 1) contestar una demanda y negar responsabilidad total; 2) defenderse injustificadamente de la acción en su contra;  3) creer que la cantidad reclamada es exagerada y que tal sea el único motivo por el cual se opone a las alegaciones del demandante, pudiendo limitar la controversia a la fijación de la correspondiente cuantía; 4) incurrir en un litigio del cual prima facie se desprende su responsabilidad y; 5) negar un hecho cuya veracidad conste. *Blás v. Hosp. Guadalupe*, supra, págs. 335-336; *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 719 (1987).

Una vez un tribunal con competencia determina que se ha incurrido en temeridad, está llamado a imponer, a la parte que así haya actuado, el pago de cierta cantidad de dinero en concepto de honorarios de abogado. *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 778 (2016).  Al respecto, la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), dispone como sigue:

> [...]
>
> (d) *Honorarios de Abogado* - En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.  En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

El antedicho estatuto preceptúa en nuestro esquema procesal la intención de establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Asoc. Salud Primaria y otros v. ELA*, 2025 TSPR 75, 216 DPR ___ (2025); *SLG González-Figueroa v. SLG*

*et al.*, 209 DPR 138, 148 (2022); *Torres Montalvo v. Gobernador ELA*, supra, pág. 778, citando a *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010). De ahí que, como regla general, establecida la concurrencia de tal conducta, la condena de honorarios resulta ser imperativa. Así, el juzgador tendrá que adjudicar el monto correspondiente al grado de temeridad desplegado por el actor, ello mediante el ejercicio de su sano juicio. La determinación que en su día emita sólo será objeto de revisión si ha mediado abuso de discreción en el ejercicio de su ministerio. *Colón Santos v. Coop. Seg. Múlt. P.R.*, 173 DPR 170, 188 (2008).

Ahora bien, nuestro ordenamiento jurídico reconoce que, en ausencia de una determinación expresa del tribunal, la imposición del pago de honorarios de abogado implica que dicho foro consideró temeraria a la parte condenada. *Montañez Cruz et al. v. Metropolitan Cons. Corp.*, 87 DPR 38, 39-40 (1962). "A contrario sensu, la ausencia de dicho pronunciamiento se presume que el tribunal consideró que la parte perdidosa no fue temeraria". *Íd.*, pág. 40.

### C

Finalmente, sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al

que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 63, 216 DPR __ (2025).

**III**

En su *primer señalamiento de error,* la parte peticionaria alega que el Tribunal de Primera Instancia erró al ordenar el pago de los gastos relacionados a mensajería, así como las fotocopias, en el trámite apelativo. A tales efectos, sostiene que, al tratarse de gastos de oficina generales, la parte recurrida tenía que demostrar la

necesidad de estos en la tramitación de su causa, lo cual arguye que no se cumplió.

Al examinar los planteamientos a la luz de los documentos que obran en autos, resolvemos modificar las cuantías aprobadas por concepto de costas en el dictamen recurrido. Como es sabido, el criterio medular en el recobro de las costas invertidas en el curso de una acción, son aquellas que responden a las gestiones necesarias y razonables que proveen para el justo empleo de la maquinaria judicial y la pronta disposición del asunto de que trate. No obstante, cuando se trate de gastos en el transcurso ordinario de la oficina, la parte que las solicita deberá demostrar que los mismos están debidamente justificados por el caso en cuestión.

Es en virtud de dicha premisa que dejamos sin efecto el recobro de la suma de $215.00 adjudicada por concepto de los servicios de mensajería alegadamente incurridos en la etapa apelativa. Del expediente que nos ocupa no surge evidencia alguna que permita corroborar la necesidad de dicho trámite para la atención del recurso apelativo previamente instado por la parte peticionaria. En ausencia de tal justificación, dicha partida no podía ser válidamente concedida por el Foro *a quo*. Distinta es nuestra conclusión en cuanto a las cuantías concedidas por concepto de fotocopias y sellos de presentación. Consideramos que tales gastos resultan razonables y cónsonos con las exigencias propias del trámite apelativo en controversia. Por ello, resolvemos que el Foro de Instancia actuó dentro del margen de discreción que le reconoce nuestro ordenamiento jurídico al aprobar dichas partidas, y no procede intervenir con esa determinación. Por lo tanto, procede modificar la cantidad determinada por concepto de costas a $162.10.

En su *segundo señalamiento de error*, la parte peticionaria aduce que el Foro de Instancia incidió al imponer el pago de

honorarios de abogado por temeridad en la etapa apelativa. Arguye que no actuó de forma temeraria al solicitar la revisión de la *Sentencia* que se emitió en su contra.

Tal cual previamente detallado, en el presente caso la parte peticionaria presentó un recurso de nomenclatura KLAN202400533. Luego de evaluar los méritos del mismo, un Panel Hermano de este Tribunal confirmó el dictamen apelado. Posteriormente, la parte peticionaria acudió ante el Tribunal Supremo mediante recurso de *Certiorari* de nomenclatura CC-2025-0561. No obstante, nuestro Máximo Foro lo denegó. Tras prevalecer en ambas instancias apelativas, la parte recurrida solicitó ante el Foro Primario la imposición de costas y honorarios de abogado por temeridad ante nuestra consideración, argumentando que la parte peticionaria carecía de fundamento real o sustancial para promover los recursos antes mencionados. Luego de evaluada la petición, el Tribunal de Primera Instancia le impuso $14,985.00 por concepto de honorarios de abogado por temeridad en el trámite apelativo.

Sin embargo, la conducta procesal que sirvió de fundamento para la imposición de honorarios ocurrió exclusivamente ante el Tribunal de Apelaciones y el Tribunal Supremo, no ante el Foro Primario. Además, es menester destacar que ni la *Sentencia* emitida en el caso núm. KLAN202400533, ni la *Resolución* emitida por el Tribunal Supremo, contienen determinación alguna declarando temeraria la actuación de la parte peticionaria al acudir en revisión. En consecuencia, concluimos que el Tribunal de Primera Instancia carecía de autoridad para imponer honorarios de abogado por temeridad respecto a actuaciones procesales ocurridas fuera de su jurisdicción y sobre las cuales los foros revisores pertinentes no emitieron pronunciamiento alguno.

En síntesis, resolvemos que el Tribunal de Primera Instancia incidió al conceder la partida correspondiente a servicios de

mensajería sin mediar justificación suficiente para ello, así como al imponer honorarios de abogado por temeridad relacionados con la etapa apelativa. Siendo así, modificamos el dictamen recurrido conforme a lo aquí dispuesto.

**IV**

Por los fundamentos antes esbozados, expedimos el auto de *Certiorari* y modificamos la *Orden* recurrida. En consecuencia, dejamos sin efecto la imposición de gastos por mensajería, así como de honorarios de abogado por temeridad.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones